

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-12-2007

# USA v. Clarke

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3124

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Clarke" (2007). *2007 Decisions.* Paper 777.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/777

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 06-3124

———

UNITED STATES OF AMERICA

v.

BRYAN EUGENE CLARKE, JR.

Brian Clarke,
Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 05-cr-00902)
District Judge: Honorable Jose L. Linares

———

Submitted Under Third Circuit LAR 34.1(a)
July 9, 2007

Before: SLOVITER, HARDIMAN, and ROTH, Circuit Judges

(Filed July 12, 2007)

———

OPINION

SLOVITER, Circuit Judge.

Appellant Brian Clarke pled guilty pursuant to a plea agreement to two offenses, carjacking, in violation of 18 U.S.C. § 2119(2), and use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The plea agreement contained a waiver of appeal except that it reserved Clarke's right to appeal the sentencing court's determination of his criminal history category.[1] Clarke concedes that he committed offenses while he was an adolescent that the District Court could properly take into account under the Sentencing Guidelines in setting his sentence. His claim is limited to the argument that the District Court abused its discretion and imposed an unreasonable sentence by its "strict adherence to the Sentencing Guidelines." Appellant's Br. at 4.

The Government argues that we do not have jurisdiction over this appeal. We recently rejected the Government's argument in United States v. Gwinnett, 483 F.3d 200, 203 (3d Cir. 2007), where we held that we retain subject matter jurisdiction over an appeal by a defendant who has signed an appellate waiver. We stated, however, that "[this Court] will not exercise that jurisdiction to review the merits of [a defendant's] appeal if we conclude that [defendant] knowingly and voluntarily waived [his] right to appeal unless the result would work a miscarriage of justice." Id.

Our task, therefore, is to determine whether Clarke knowingly and voluntarily

---

[1] The District Court of New Jersey had jurisdiction of this case pursuant to 18 U.S.C. § 3231. This court has jurisdiction based on 28 U.S.C. § 1291.

signed the waiver. The plea agreement that Clarke signed states:

> Waiver of Appeal and Post-Sentencing Rights
>
> As set forth in Schedule A, this Office and Bryan Clarke waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Schedule A provides, inter alia:

> 15. Bryan Clarke knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 23, plus an additional seven years imprisonment for the violation of 18 U.S.C. 924(c). This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 23, plus an additional seven years imprisonment for the violation of 18 U.S.C. 924(c). **The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.** The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that situated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.
>
> 16. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal collateral attack, writ or motion not barred by the preceding paragraph.

(emphasis added). App. Ex. C at 8.

The Government contends that although the language of the waiver appears to reserve Clarke's right to appeal the sentencing court's determination of his criminal

history, Clarke waived his right to appeal because:

> At sentencing, the District Court confirmed that Clarke had no quarrel with the Probation Office's *calculation* of his Criminal History Category, but rather that he was seeking a downward departure under U.S.S.G. § 4A1.3, arguing that the resulting Criminal History Category over-represented the seriousness of his criminal history and likelihood of recidivism. By expressly agreeing with the PSR's calculation of his Criminal History Category, Clarke waived any right to challenge the District Court's determination on appeal.

Gov't Br. at 27.

Clarke did indeed object to the Criminal History Category. The addendum to the Presentence Report contains an objection by Clark that "the use of [the] juvenile criminal convictions improperly increases [his] Criminal History Category. Consequently, this over-represents the likelihood that, as an adult, Clarke would recidivate." App. Ex. D at 26. Additionally, Clarke argues that he made a formal objection to the inclusion of his juvenile record in the calculation of his Criminal History Category. Accordingly, Clarke is free to bring an appeal under 18 U.S.C. § 3742, specifically subsections (a)(2) and (a)(4), which he claims are applicable to his case.

With regard to subsection (a)(2) of 18 U.S.C. § 3742, which permits a challenge to a sentence that "was imposed as a result of an incorrect application of the sentencing guidelines," Clarke argues that "the use of his juvenile convictions to increase his sentence, without due consideration of the provisions of Title 18 U.S.C. § 3553(a) – including facts and circumstances regarding his age *and his personal family history at the time of his juvenile offenses* – yielded a sentence that was 'imposed as a result of an

4

incorrect application of the sentencing guidelines.'"  Appellant's Reply Br. at 6.

Furthermore, Clarke alleges he has a valid appeal under subsection (a)(4), which permits

a challenge that the sentence "was imposed for an offense for which there is no sentence

guideline and is plainly unreasonable."  18 U.S.C. § 3742(a)(4).  Clarke argues that his

sentence was determined by

> one count – for which sentencing would be guided by an applicable
> guideline – and then expanded by a mandatory minimum seven year
> consecutive sentence, that would be imposed *without* an applicable
> guidelines determinate of its length . . . .  The resultant sentence in his case,
> effectively, was not completely guided by [] sentencing provisions.

Appellant's Reply Br. at 6-7.

We have held that in evaluating the reasonableness of a sentence, we must

determine whether:  (1) the sentencing court gave "meaningful consideration" to the §

3553(a) factors and any meritorious grounds properly raised by the parties; and (2)

whether those factors were "reasonably applied to the circumstances of the case."  United

States v. Cooper, 437 F.3d. 324, 329-30 (3d Cir. 2006).  We apply a deferential standard,

as "the trial court [is] in the best position to determine the appropriate sentence in light of

the particular circumstances of the case."  Id. at 330.  Not only is "a within-guidelines

range sentence more likely to be reasonable than one that lies outside the advisory

guidelines range," but the party challenging the sentence bears the burden to show

unreasonableness.  Id. at 331-32.

In denying Clarke's motion for a downward departure, the District Court noted

that the juvenile offenses Clarke committed "are not of the type that one could

5

characterize as youthful indiscretion and misstep." App. Ex. E at 23. At age 14, he was convicted as a juvenile for aggravated assault and robbery; at age 15, he was part of a group that robbed and severely beat an elderly man; at age 17, he was convicted of third-degree assault on a fellow inmate at the youth detention facility, and at age 20, he and another man stole a car at gunpoint. He was thereafter convicted of third-degree criminal possession of stolen property. As authorized by the Guidelines, the District Court assessed two criminal history points for three of Clarke's juvenile offenses and another two criminal history points for his conviction as an adult for possession of stolen property.

Finally, the District Court noted the seriousness of the offense at issue, carjacking a woman's car after putting a gun to her head, grabbing her purse and necklace, demanding her car keys and striking her across the forehead with the gun and knocking her to the ground. The District Court described the carjacking as "a very heinous and violent crime," which will cause the victim psychological trauma. App. Ex. E at 26.

The parties agree that the total offense level for the carjacking offense was 23, and that a seven-year consecutive sentence was required for Count II. Because Clarke had a Criminal History of IV, the District Court sentenced him to 75 months imprisonment for Count I and a consecutive term of 84 months imprisonment for Count II.

We are satisfied that the District Court took into consideration the relevant § 3553(a) factors as they applied to Clarke's circumstances, that the Court did not abuse its discretion in setting the Criminal History Category, and that the District Court's sentence

6

was reasonable.[2]

      We will affirm the judgment of sentence.

---

[2]     The Government argues that essentially Clarke "challenges the 'reasonableness' of his sentence to disguise his back-door effort to obtain review of the District Court's denial of his downward-departure motion," Gov't Br. at 35-36, an order over which this court has held we have no jurisdiction. See United States v. Cooper, 437 F.3d at 332-33. We have taken jurisdiction in light of the reservation in the plea agreement.